

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2008

# USA v. Ferrell

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2974

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Ferrell" (2008). *2008 Decisions.* Paper 470.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/470

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 07-2974 & 07-2980

———————

UNITED STATES OF AMERICA

v.

SEAN FERRELL
Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action Nos. 04-cr-00575-1 / 04-cr-00730-1)
District Judge: Honorable J. Curtis Joyner

———————

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2008

———————

Before: BARRY, AMBRO, and JORDAN, Circuit Judges

(Opinion filed September 29, 2008  )

———————

OPINION

———————

AMBRO, Circuit Judge

Sean Ferrell was charged with drug and gun violations in two separate indictments

returned by a federal grand jury in the United States District Court for the Eastern District

of Pennsylvania.  He was convicted by a jury on the second indictment before pleading

guilty to the first. The District Court imposed a consolidated sentence of 360 months' imprisonment, three years' supervised release, and a $500 special assessment. Ferrell timely appealed both convictions. For the reasons stated below, we affirm.

## I.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

Ferrell challenges the District Court's rulings on motions to suppress and for acquittal, the introduction of evidence of prior bad acts, and the instructions to the jury. We review the denial of a suppression motion for clear error as to the underlying facts, but exercise plenary review as to its legality in light of the District Court's properly found facts. *United States v. Coles*, 437 F.3d 361, 365 (3d Cir. 2006). We review the decision to admit evidence of prior bad acts under Federal Rule of Evidence 404(b) for abuse of discretion. *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001). We will sustain a verdict against a sufficiency of the evidence challenge if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). We exercise plenary review over a claim that the District Court constructively amended the indictment through its jury instruction. *United States v. Lee*, 359 F.3d 194, 208 (3d Cir. 2004).

## II.

We need not discuss the circumstances of this case in detail since we write for the parties. It began on August 28, 2004, when Philadelphia police officers investigated a

2

call regarding a man with a gun in a blue Ford Taurus car with tinted windows. An officer approached Ferrell when he was standing near the open door of the Taurus and instructed him to remain where he was. Ferrell ran from the officer, however. After a short chase on foot during which he threw away two handguns, Ferrell was caught and arrested for gun possession.

The United States adopted that gun possession case from Philadelphia County, resulting in the return of the first indictment in this case by a federal grand jury on September 21, 2004. A warrant to arrest Ferrell was issued on the same day in connection with that indictment since he had been released on bail by Philadelphia authorities.

On September 30, 2004, agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") observed Ferrell in a blue Ford Taurus. He was conducting two exchanges with individuals, one of whom put the item she had received from Ferrell into a pipe and began to smoke it. An ATF agent observed Ferrell driving the Taurus on October 5, 2004, the day scheduled to effect the arrest warrant.[1] Agents arrested Ferrell when he was standing next to the car. The keys were in the ignition and only one other person, an individual on a bicycle, was near the car.

Before informing Ferrell of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), an agent asked him if he knew who drove or owned the Taurus. Ferrell responded

---

[1]Agent Brandon Harrison testified at a suppression hearing that he had not seen Ferrell in the blue Taurus on the day of the arrest. Agent Sara Coughlin testified, however, that she did see Ferrell in the car that day.

3

that he did not know and that he had not seen the car before. Another agent subsequently stated, loudly enough for Ferrell to hear, that he had driven the car previously. Ferrell responded that he had driven the car occasionally but that the car did not belong to him.

The agents drove the Taurus from the site of the arrest to an ATF building. A narcotics dog alerted for drugs when it sniffed the exterior of the car. As a result, the agents applied for and received a search warrant for the car. They then found two guns, ammunition, and 34 grams of cocaine in a secret compartment activated by the car's ignition being on. The discovery of these items resulted in the second indictment. The agents also found Ferrell's checkbook, a letter addressed to him, and a bank statement in his name under the passenger-side visor.[2]

### III.

Ferrell argues that the District Court erred in denying his motion to suppress the physical evidence found during the search of the Taurus. He contends that no reasonable suspicion existed that justified taking the vehicle to the ATF facility and that this seizure thus violated his Fourth Amendment rights against unreasonable search and seizure. He argues that this makes the resulting dog search and issuance of a search warrant the fruit of the poisonous tree within the meaning of *Wong Sun v. United States*, 371 U.S. 471, 487–88 (1963).

This argument is unpersuasive. Agents had observed Ferrell driving the Taurus on

---

[2]The agents also found a vehicle insurance card in the name of Quadir Presbery. They sought that individual and succeeded in communicating with him, but they were not successful in meeting with him.

the day of the arrest, October 5, 2004, and he was standing by the car with the ignition on when agents arrested him. They had observed Ferrell conduct two apparent drug transactions from the car five days earlier. Ferrell also had run away from the car prior to his arrest by Philadelphia police officers on August 28, 2004. These observations created a reasonable suspicion that Ferrell was using the car to conduct illegal activity and that it contained drugs. This provides a sufficient basis for the temporary seizure of the vehicle to allow a trained dog to sniff it for a possible alert to drugs. *See, e.g.*, *United States v. Foreman*, 369 F.3d 776, 781 (4th Cir. 2004) (explaining that reasonable suspicion must exist for a temporary vehicle seizure to satisfy the requirements of the Fourth Amendment).[3]

Ferrell also argues that the District Court erred in denying his motion to suppress the statements he made shortly after his arrest. He contends that the agents violated his *Miranda* rights in that they gathered statements from him during a custodial interrogation before explaining his constitutional rights to him.

Even assuming this to be the case, however, the alleged errors were harmless. In light of the evidence of Ferrell's use of the car and the presence of documents in his name in the car, we are convinced that the admitted statements did not contribute to his conviction. *See United States v. Walton*, 10 F.3d 1024, 1032 (3d Cir. 1993) (stating standard). Ferrell's *Miranda* claim thus fails.

---

[3]We note as well that, because the car was apparently in Ferrell's possession, it may be that impounding it was proper purely as an administrative matter. But we need not address that issue because our holding as to the temporary seizure is dispositive.

IV.

Ferrell also contends that the District Court should not have admitted evidence that he was seen making hand-to-hand exchanges with people on the street after getting out of the Taurus, that he fled when approached by the Philadelphia police officers on August 28, 2004, and that he dropped guns while running away (although he still had two firearm magazines on his person) at the time of the arrest that followed.

We have set out a four-factor standard governing the admissibility of evidence pursuant to Federal Rule of Evidence 404(b). It requires (1) a proper evidentiary purpose, (2) relevance under Federal Rule of Evidence 402, (3) a weighing of the probative value of the evidence against its prejudicial effect under Federal Rule of Evidence 403, and (4) a limiting instruction concerning the purpose for which the evidence may be used. *United States v. Mastrangelo*, 172 F.3d 288, 294–95 (3d Cir. 1999).

Each of these factors was satisfied in this case. The Government introduced the evidence for the purpose of proving Ferrell's knowledge, intent, and motive in the commission of the crimes charged. The evidence was relevant and its probative value outweighed any prejudice to Ferrell. Finally, Ferrell does not identify, and we do not perceive, any deficiency in the District Court's instruction on this point. Accordingly, Ferrell's challenge under Rule 404(b) fails.

V.

We also reject Ferrell's sufficiency-of-the-evidence challenge. A rational jury could have concluded that he knew that the drugs and guns were in the Taurus. *See Dent*,

6

149 F.3d at 187 (stating standard). The jury could have relied on the evidence of his prior use of the car, the evidence of apparent drug transactions performed from the car, the discovery of his documents in the car, Ferrell's proximity to the car at the time of his arrest, and the activation of the hidden storage panel (by the ignition being on) at the time of the arrest.

## VI.

Finally, we conclude that the Court did not constructively amend the indictment with its jury instruction. In order to prevail on such a claim, a defendant must show that a court's jury instruction effectively modified the indictment in a way that creates a substantial likelihood that the defendant was convicted of an offense other than that charged in the indictment. *United States v. McKee*, 506 F.3d 225, 231 (3d Cir. 2007). The indictment charged that Ferrell "knowingly carried a firearm . . . during and in relation to a drug trafficking crime." The District Court referred in its instruction to carrying a firearm and to *using* a firearm. "Carrying" and "using" a firearm during a drug crime are two distinct manners of violating 18 U.S.C. § 924(C)(1)(A), the statutory section under which Ferrell was charged. Ferrell argues that he was charged with "carrying" a gun during a drug crime but could have been convicted of "using" a gun.

This jury instruction, we believe, used "carrying" and "using" synonymously, and did not employ "using" in the sense given to it in interpretations of that statutory section. *See Muscarello v. United States*, 524 U.S. 125, 136 (1998) (explaining that "use" means "active employment" of a gun, such as displaying or bartering a gun). Moreover, the

7

Government focused on and proved that Ferrell carried a firearm during and in relation to a drug trafficking crime. Finally, the Court twice correctly instructed the jury that the indictment charged Ferrell with carrying a gun during a drug crime. Accordingly, there is no basis for concern that Ferrell was convicted of an offense other than that charged in the indictment.

* * * * *

For these reasons, we affirm.